UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY GRIFFITH, JONATHAN
BLOCHER and ANNETTE RODRIGUEZ,

    Plaintiffs,

v.                                                Case No: 8:14-cv-3213-T-35JSS

LANDRY'S, INC. and CHLN, INC.,

    Defendants.
_____/

## ORDER ON PLAINTIFFS' MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiffs' Motion to Compel Responses to First Requests for Production of Documents and First Set of Interrogatories (Dkt. 36) and Defendants' Response (Dkt. 43). The Court held a hearing on this matter on October 8, 2015.

**BACKGROUND**

On December 29, 2014, Plaintiffs, on behalf of themselves and all others similarly situated, filed this action against Defendants to recover unpaid minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110. (Dkt. 1.) Plaintiffs each formerly worked as "tipped employees" at either Landry's Seafood House or Chart House (collectively, "Defendants"). Plaintiffs have limited their putative class to Florida employees who worked for Defendants at any time from December 11, 2009, to the present. Plaintiffs allege that Defendants deducted $9.50 from Plaintiffs' bi-weekly paychecks ($4.75 per week) for their voluntary participation in an Employee Discount Program ("EDP"), which allegedly caused them to earn less than the applicable reduced minimum wage for tipped employees. Plaintiffs also allege that, when they did not earn enough through direct wages to cover the bi-weekly $9.50 EDP payment, Defendants improperly deducted that amount from

their tips. Plaintiffs assert that Defendants' retention of tipped employees' tips in this manner violates the FLSA and the FMWA.

On January 6, 2014, the Court entered an FLSA Scheduling Order, which delayed the filing of the case management report and stayed all discovery in this case until after the parties engaged in settlement discussions. (Dkt. 6.) On January 23, 2015, Plaintiffs moved for relief from the Court's FLSA Scheduling Order and requested bifurcated class certification discovery, arguing that class action discovery was needed to permit the parties to conduct meaningful settlement discussions and to allow Plaintiffs to move for class certification. (Dkt. 15.) On March 11, 2015, the Court granted relief from the FLSA Scheduling Order. (Dkt. 21.) The Court denied Plaintiffs' request to bifurcate discovery, ruling that the issues related to class certification and the merits of Plaintiffs' case are inextricably intertwined and that bifurcated discovery was inappropriate under the circumstances. (Dkt. 21.) The parties submitted their non-bifurcated discovery plan, which was adopted by the Court in its Case Management and Scheduling Order. (Dkt. 24.)

After the Court issued its Case Management and Scheduling Order, Plaintiffs served requests for production and interrogatories on Defendants. In response, Defendants produced documents, answers and objections, and a privilege log for all documents withheld as privileged. Plaintiffs deemed Defendants' responses insufficient and, consequently, filed their Motion to Compel Responses to Plaintiffs' First Requests for Production of Documents and First Set of Interrogatories on September 9, 2015. (Dkt. 36.) On September 28, 2015, Defendants filed their Response to Plaintiffs' Motion to Compel. (Dkt. 43.)

## APPLICABLE STANDARDS

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevance, for purposes of discovery, is

construed broadly to include any matter that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978). Although the scope of discovery is broad, it is not without limits. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992).

Federal Rule of Civil Procedure 23 establishes the legal roadmap courts must follow when determining whether class certification is appropriate. *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003). Pursuant to Rule 23(a), a class may be certified only if: (1) the class is so numerous that joinder of all members would be impracticable; (2) there are questions of fact and law common to the class; (3) the claims or defenses of the representatives are typical of the claims and defenses of the unnamed members; and (4) the named representatives will be able to represent the interests of the class adequately and fairly. Fed. R. Civ. P. 23(a). These four prerequisites are commonly referred to as "numerosity, commonality, typicality, and adequacy of representation," and they are designed to limit class claims to those fairly encompassed by the named plaintiffs' individual claims. *Valley Drug*, 350 F.3d at 1187 (quoting *Prado–Steiman v. Bush*, 221 F.3d 1266, 1278 (11th Cir. 2000)).

A party seeking class certification must affirmatively demonstrate its compliance with Rule 23—that is, "[it] must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal–Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Although a court should not determine the merits of a claim at the class certification stage, it is appropriate to consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied. A district court must consider, for example, how the class will prove causation and injury and whether those elements will be subject to class-wide

proof. *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1358 (11th Cir. 2009). As such, discovery into issues relevant to class certification is warranted and permissible. *See Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) (stating that "precedent also counsels that the parties' pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified").

**ANALYSIS**

The Court reviewed the parties' briefs and heard extensive argument at the hearing. For the reasons stated at the hearing, the Court grants, in part, Plaintiffs' Motion to Compel. Specifically, Plaintiffs' Motion to Compel is granted as to Interrogatory Number 2, and Defendants must identify the putative class member employees using a unique identifier. Defendants must also identify the specific restaurants, wage rates, and EDP deductions of the putative class members. Plaintiffs' Motion to Compel is granted as to Interrogatory Number 10 in part as Defendants must identify Defendants' human resources managers with specialized knowledge regarding the EDP. Plaintiffs' Motion to Compel is granted as to Interrogatory Number 11 in part as Defendants must identify non-publically available, responsive information concerning lawsuits, claims, grievances, governmental investigations, administrative actions and charges brought against Defendants concerning alleged EDP-related minimum wage violations. The Court denies Plaintiffs' Motion to Compel as to Interrogatory Numbers 3 through 5 and 14 without prejudice.

Plaintiffs' Motion to Compel is granted in part as to Request for Production Numbers 4, 8, 9, 12 through 15, 17 through 19, 21 and 25. Specifically, the Court grants Plaintiffs' Motion to Compel as to Request for Production Number 4 to the extent that documents identifying Defendants' hierarchical management must be produced. Defendants must also produce

documents identifying Defendants' human resource managers who have specialized knowledge concerning the operation of the EDP.  The Court grants Plaintiffs' Motion to Compel as to Request for Production Number 17 in part as Defendants must produce documents that show their actual costs for the EDP in their eight Florida restaurants during the putative class period.  The Court grants Plaintiffs' Motion to Compel as to Request for Production Number 18 in part as Defendants must produce non-publically available, responsive information concerning all lawsuits, claims, grievances, governmental investigations, administrative actions and charges brought against Defendants concerning alleged EDP-related minimum wage violations.

The Court denies Plaintiffs' Motion to Compel as to Request for Production Numbers 1, 3, and 20 as Defendants represented that no such documents exist or can be located as of this date.  If documents responsive to these requests become available, Defendants must supplement their responses and produce the responsive documents.  The Court denies, without prejudice, Plaintiffs' Motion to Compel as to Request for Production Numbers 5 and 16.

In regard to Defendants' privilege log, the Court finds that the entries included are insufficiently specific in that they do not allow Plaintiffs to assess whether the communications or documents identified are properly withheld as privileged.  The Court directs Defendants to specify with more clarity the entries included in their privilege log.  In doing so, Defendants must identify the documents that are responsive to Plaintiffs' discovery requests and include Bates stamp numbers and dates for each document.

Accordingly, it is

**ORDERED**:

1. Plaintiffs' Motion to Compel Responses to First Requests for Production of Documents and First Set of Interrogatories (Dkt. 36) is **GRANTED** in part and **DENIED** in part.

2. Defendants must provide amended discovery responses, produce responsive documents, and amend their privilege log in accordance with this Order by October 20, 2015.

**DONE** and **ORDERED** in Tampa, Florida on October 9, 2015.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record