UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY GRIFFITH, JONATHAN
BLOCHER and ANNETTE RODRIGUEZ,

    Plaintiffs,

v.                                                              Case No: 8:14-cv-3213-T-35JSS

LANDRY'S, INC. and CHLN, INC.,

    Defendants.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Defendants' Motion for Reconsideration of Court's October 23, 2015, Order ("Motion"). (Dkt. 58.) Plaintiffs oppose this Motion. (Dkt. 59.)

On October 9, 2015, after a hearing was held, the Court entered an Order granting in part and denying in part Plaintiffs' Motion to Compel Responses to First Requests for Production of Documents and First Set of Interrogatories. (Dkt. 46.) Defendants were directed to provide amended discovery responses, produce responsive documents, and amend their privilege log by October 20, 2015. (Dkt 46.) On October 20, 2015, Defendants filed a Motion for Extension of Time to Serve Amended Discovery Responses and to Produce Documents, in which they sought an extension of time until October 30, 2015, to compile responsive information and comply with the Court's Order. (Dkt. 54.) Plaintiffs opposed an extension of time, arguing that it would prejudice Plaintiffs by precluding them from using Defendants' discovery responses in drafting their reply in support of their Motion for Leave to Amend Complaint, which was due on October 26, 2015. (Dkt. 55.)

On October 23, 2015, the Court granted Defendants' motion for an extension of time and ordered that Defendants produce the requested discovery by October 25, 2015. (Dkt. 56.)

However, as Plaintiffs contend in their Response in Opposition to Defendants' Motion, Defendants failed to produce the court-ordered discovery by the deadline prescribed, and Plaintiffs filed their Reply in Support of Motion for Leave to Amend the Complaint on October 26, 2015, without the benefit of Defendants' discovery documents and responses. (Dkt. 57, 59.) Defendants now seek reconsideration of the Court's Order on their Motion for Extension of Time to Serve Amended Discovery Responses and to Produce Documents, requesting that the Court grant an extension of time until October 30, 2015, as Defendants need more time to compile and produce the remainder of the information requested by Plaintiffs.

A motion for reconsideration requires the moving party to show: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice." *Wendy's Int'l., Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla. 1996). Here, none of those circumstances appear to be present. However, Federal Rule of Civil Procedure 6(b) provides that a court may, for good cause, extend the time for when an act must be done on a motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). In determining excusable neglect, the court considers the following factors: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993). Having reviewed Defendants' Motion, the Court finds sufficient cause to provide the brief extension sought by Defendants to produce the required discovery. The

Court defers ruling on Plaintiffs' request for sanctions under Rule 37(b)(2)(A). Accordingly, it is

**ORDERED**:

1. Defendants' Motion for Reconsideration of Court's October 23, 2015, Order (Dkt. 58) is **GRANTED**.

2. Defendants shall provide the discovery responses and documents specified in the Court's Order (Dkt. 46) by October 30, 2015.

**DONE** and **ORDERED** in Tampa, Florida on October 27, 2015.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record