UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JEFFREY GRIFFITH, JONATHAN BLOCHER, ANNETTE RODRIGUEZ, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LANDRY'S, INC., CHLN, INC. D/B/A/ CHART HOUSE F/K/A LANDRY'S SEAFOOD HOUSE, <br><br> Defendants. | Civil Action No. 8:14-cv-03213-MSS-JSS |

## PLAINTIFFS' OPPOSITION IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants ask this Court to dismiss Plaintiffs' First Amended Complaint as a "shotgun pleading" and to dismiss Plaintiff Joseph Levi's Florida minimum wage act claims with prejudice. Defendants have no basis for seeking such extraordinary relief. Defendants (Landry's, Inc. and CHLN, Inc.) cannot earnestly argue that they do not understand the claims asserted against them in the First Amended Complaint after more than a year of litigation. Plaintiffs have brought claims for minimum wage violations of Article X, Section 24 of the Florida Constitution (Count I), and Plaintiff Levi has brought claims for minimum wage violations of the Fair Labor Standards Act ("FLSA") (Count II). Many of the factual allegations asserted in the First Amended Complaint are relevant to both Counts I and II and both Defendants, equally. In fact, Article X, Section 24 of the Florida Constitution incorporates by reference Section 203(m) of the FLSA and relies on the FLSA and its case law for guiding

1

interpretations and principles of law. The First Amended Complaint meets the pleading requirements set forth in Federal Rule of Civil Procedure 8(a) and 10(b) and should not be dismissed because of Defendants' attempt to categorize it, unsuitably, as a shotgun pleading.

In addition, Plaintiff Joseph Levi ("Levi") is not required to re-submit a Florida Statutes, Section 448.110(6) notice since he does not seek to represent a class nor file an individual claim under the Florida Minimum Wage Act ("FMWA"), but merely seeks to participate as a class member in the event the FMWA is certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendants were already given sufficient notice in advance of the initiation of this case that the three Named Plaintiffs at the time sought to initiate class claims on behalf of themselves and other similarly situated tipped employees for violations of the FWMA, including Levi. Defendants have no valid argument that Levi, who can pursue his claims as a class member without serving as a class representative, should have his FMWA claims dismissed *with prejudice*. Accordingly, as discussed more fully below, Defendants' Motion to Dismiss Plaintiffs' First Amended Class and Collective Action Complaint must be denied.

## I.     **BACKGROUND HISTORY**

On December 2, 2014, Plaintiffs Jeffrey Griffith ("Griffith"), Jonathan Blocher ("Blocher"), and Annette Rodriguez ("Rodriguez") served Defendants with notice of their intent to file a class action for violations of Florida's minimum wage action pursuant to Article X, Section 24. The letter informed Defendants that Plaintiffs Griffith, Blocher, and Rodriguez would seek the following relief on behalf of a class:

> [R]ecovery of unpaid minimum wages on behalf of themselves and similarly situated employees who worked for [Defendants] at any Chart House or Landry's Seafood House restaurant in Florida during the five-year-period preceding this notice through the date of trial of the putative class action (the Relevant Time Period), who were compensated by [Defendants] at a tipped wage rate (*i.e.*, an hourly rate lower than the full minimum wage), and: (a) from whose pay

2

> Defendants deducted amounts in exchange for participation in Defendants' Employee Discount Program; and/or (b) from whose tips Defendants deducted or collected amounts in exchange for participation in Defendants' Employee Discount Program.

The letter informed Defendants that they had 15 days in which to respond before Plaintiffs filed suit. Defendants chose not to respond to Plaintiffs' letter. On December 29, 2014, Plaintiffs Griffith, Blocher, and Rodriguez filed a class action pursuant Article X, Section 24 of the Florida Constitution on behalf of themselves and other tipped employees similarly situated and Plaintiff Blocher also filed a collective action pursuant to the FLSA (Doc. 1) ("Original Complaint").

On February 17, 2015, Defendants answered the Original Complaint. (Doc. 19). Six months later, on August 24, 2015, Defendants filed a Motion for Judgment on the Pleadings to assert that the Court does not have jurisdiction over Plaintiffs' Original Complaint because the sole FLSA Plaintiff at the time, Blocher, did not have an FLSA claim and the Plaintiffs did not sufficiently allege CAFA jurisdiction. (Doc. 41). Plaintiffs sought to amend the Original Complaint for the first time on September 24, 2015. In the legal briefing that followed relating to Defendants' Motion for Judgment on the Pleadings, Plaintiffs' Motion for Leave to Amend the Complaint, and now Defendants' Motion for Reconsideration, the parties have explained, examined, and argued the claims made in this case against Defendants in detail: that Defendants, through their Employee Discount Plan, denied their tipped employees minimum wages under the FMWA and/or the FLSA by (1) making deductions against their wages and/or (2) retaining or collecting their tips to pay for the program fee. On December 9, 2015, despite significant opposition from Defendants, the Court granted Plaintiffs' motion for leave to file the First Amended Complaint which, primarily, (1) removed Blocher's FLSA claim, (2) added Levi as a Named Plaintiff to bring the FLSA claims, (3) limited the FLSA claim to the improper practice

of retaining or collecting tipped employees' tips, and (4) bolstered allegations related to CAFA jurisdiction.[1] *See* Redline Compare of Original Complaint to First Amended Complaint attached as Exhibit A.

Since the filing of the Original Complaint, the parties have engaged in substantial discovery. First and Second Sets of Interrogatories and First and Second Requests for Production of Documents have been served and answered by both Parties. Plaintiffs have taken a Rule 30(b)(6) deposition on 15 topics and by January 20, 2016 the Named Plaintiffs' depositions will be completed.[2] The deadlines for expert disclosures is rapidly approaching. Yet, Defendants now assert that the pleading should be dismissed because the "pleading makes it impossible for the Defendants to determine what claims are being asserted against them." (Doc. 79 ("Motion to Dismiss") at 12).

## II. PLAINTIFFS' FIRST AMENDED COMPLAINT SATISFIES RULE 8(a) AND 10(b) AND SHOULD NOT BE DISMISSED AS A SHOTGUN PLEADING

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting* Fed. R. Civ. P. 8(a)(2)). Further, Rule 10(b) provides form pleading requirements, including: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." And "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*. Plaintiffs' First Amended Complaint satisfies federal pleading requirements. For Defendants to seek outright dismissal of Plaintiffs' First

---

[1] Plaintiffs also made a few clerical and wordsmithing edits which only makes the complaint more clear.
[2] Defendants have taken the depositions of Griffith and Blocher. Rodriguez's deposition was taken on January 19, 2016 and Levi's deposition will be taken on January 20, 2016.

Amended Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) on the grounds that Plaintiffs' First Amended Complaint is a "shotgun pleading" is another hollow attempt to avoid litigating this case on the merits. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). "[A] complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. Defendants have no basis to claim the First Amended Complaint fails to state a plausible claim.

There is no question the Eleventh Circuit condemns shotgun pleadings which it describes as pleadings in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Tr. of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Recently, the Eleventh Circuit elaborated on features that are commonly found in shotgun pleadings in *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015). However, in *Weiland*, the Court recognized that while the complaint in that case was not "ideal," dismissal of the complaint based on Rule 8(a) and 10(b) was an abuse of discretion by the district court. In reaching this conclusion, the Court said: "we are not retreating from this circuit's criticism of shotgun pleadings, but instead are deciding that, whatever their faults, these two counts are informative enough to permit a court to readily determine if they state a claim upon which relief can be granted." *Id*. at 1326. While, as Plaintiffs explain below, their First Amended Complaint is *not* a shotgun pleading because of the nature of the claims in this case, in any event, the counts are certainly informative enough to permit the Court to readily determine that a plausible claim for relief has been made. In *Abrams v. Ciba Specialty Chems. Corp.*, Civil Action No. 08-0068, 2008 U.S. Dist. LEXIS 68897, *25-

5

29 (S.D. Ala. Sept. 10, 2008), which ruled on a Rule 12(e) Motion for a More Definite Statement, the court's assessment of that complaint is relevant to the standards the Court should apply here:

> A fair review of the First Amended Complaint reveals that, while it may be imprecise in certain respects, it is not unintelligible. Nothing on the face of the First Amended Complaint supports a finding that its allegations are so vague or ambiguous that defendants are unable to respond, even with a simple denial, in good faith or without prejudice to themselves. Indeed, defendants' own filings in support of their Rule 12(b) Motion reveal that they understand, at least in general terms, the nature of the claims against them. This is simply not a case in which a defendant is unable to respond to an unintelligible pleading; to the contrary, defendants clearly grasp the claims against them well enough to file an answer. Defendants' Rule 12(e) motion is denied**.**

### A. Incorporating Preceding Allegations By Reference Does Not Merit Dismissal Of the First Amended Complaint

While Defendants are correct that the First Amended Complaint incorporates in each of the two counts the preceding allegations, this fact alone does not render the First Amended Complaint indecipherable so that the Defendants do not know which allegations of fact are intended to support which claims for relief. Just as in *Weiland*, in which the Eleventh Circuit examined whether incorporating by reference 49 preceding paragraphs was problematic, the Court recognized, "this is not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." 792 F.3d at 1324. In fact, Plaintiffs chose to incorporate the previous allegations, because there is considerable factual and legal overlap in the claims under the FMWA and the FLSA and that mechanism seemed most appropriate to ensure the claims were fully alleged and well-pled. For example, the FMWA states "[f]or tipped Employees meeting eligibility requirements for the tip credit under the FLSA, Employers may credit towards satisfaction of the Minimum Wage tips up to the amount of the allowable FLSA tip credit in

6

2003." Art. X, § 24(c). It further states that the FMWA has "intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations." *Id*. at § 24(e). Because of the overlapping factual and legal allegations, parceling out the specific allegations relevant to each count would be considerably duplicative and would make the First Amended Complaint unnecessarily more complex (and not the "short and plan statement of the claims" the Rule requires). *See e.g.* FAC, ¶ 49 ("Defendants' practice, described above [which described the practice in relation to the FMWA claims], of deducting, retaining or collecting of a portion of Tipped Employees' tips . . . also constitute a violation of the FLSA"). As in *Weiland*, the Court should find that the task of figuring out which allegations are incorporated into which count is hardly a task at all based on the claims asserted in this case. *See Weiland*, 792 F.3d at 1325.

To exemplify their purported confusion over the claims asserted by Plaintiffs, Defendants argue that even though Blocher is no longer named in Count II (the FLSA Count), and no longer asserts FLSA claims in any of the other numbered paragraphs, because Count II incorporates all preceding allegations they do not know whether Blocher is now asserting an FLSA claim. (*See* Motion to Dismiss at 9). Defendants cannot honestly claim to not know that Blocher is no longer bringing an FLSA claim and that the First Amended Complaint added Levi to bring this claim going forward. Considerable briefing has taken place to address this exact issue. Defendants also argue that they are confused because the term "Plaintiffs" is used in the First Amended Complaint and they cannot determine whether each allegation applies to each Plaintiff. *Id*. As an example of the supposed confusion over the use of the term "Plaintiffs," Defendants cite to Paragraph 47, which provides "Defendants' impermissible collection and/or retention of portions

of the tips of Plaintiffs and Tipped Employees constitutes a willful and reckless violation of Article X, Section 24(e) of the Florida Constitution." *See Id.* While Plaintiffs agree that Paragraph 47 no longer applies to Blocher in light of the discovery produced in this case, use of the term "Plaintiffs" in Paragraph 47 does not render the First Amended Complaint indecipherable as to who is asserting these claims. Defendants can deny the allegation made in Paragraph 47 as to Blocher and answer as it will for the others. In fact, in the Original Complaint, Defendants "den[ied] all allegations contained in [the] paragraph" that asserted this same allegation for all the Plaintiffs, *see* Answer (Doc. 19), ¶ 40; thus, their professed confusion in regards to who the allegation applies to is of no moment and Defendants are able to respond. In short, Defendants are manufacturing confusion where none exists. When "counts are informative enough to permit a court to readily determine [that] they state a claim upon which relief can be granted," dismissal under Rules 8(a)(2) and 10(b) is an abuse of discretion. *See Wright v. Watson*, Case No. 4:15-cv-34, 2015 U.S. Dist. LEXIS 106786, *7-9 (M.D. Ga. Aug. 13, 2015) *quoting Weiland*, 792 F.3d 1326.

To the extent there is any further clarity to be gleaned, Defendants by January 20, 2016 will have deposed all four Named Plaintiffs in this action and will have had the opportunity to delve into the exact details of their claims. A complaint "does not become a shotgun pleading merely because multiple claims rely upon the same underlying factual allegation or because the Complaint is not pleaded with maximum particularity." *ANZ Advanced Techs., LLC v. Bush Hog, LLC*, Civil Action No. 09-00229, 2009 U.S. Dist. LEXIS 97246, *5-6 (S.D. Ala. Sept. 29, 2009) (internal quotations and citations omitted). "The discovery process will enable [defendants] to ferret out additional detail concerning plaintiffs' legal theories in a timely and efficient manner…." *Id*. "If defendants wish to delve into the nuances of the facts supporting

each particular plaintiff's claims, then the discovery process (not the Rule 12(e) mechanism) [or in this case Rule 12(b)(6)] is the appropriate vehicle for doing so." *See Abrams,* 2008 U.S. Dist. LEXIS 68897 at *25.

> B. **Separating Count I's FMWA Claims Based On Deductions From Wages and Deductions Taken From Tips Into Two Separate Counts Is Not Required by Rule 10(b)**

Defendants argue that Plaintiffs violate Rule 10(b) because Plaintiffs are required to split Count I, which seeks unpaid minimum wages under the FMWA, into two separate counts. Defendants are incorrect. Rule 10(b) requires "[*i*]*f doing so would promote clarity*, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Rule 10(b), *Fed. R. Civ. P*. (emphasis added). Defendants' recommendation to split Count I into two separate counts will not promote clarity to the First Amended Complaint and would be largely superfluous. In Count I, Plaintiffs are seeking the same relief (unpaid minimum wages), pursuant to the same law (FMWA), based on the same occurrences (Defendants' deductions for their Employee Discount Program). Plaintiffs' single Count for unpaid minimum wages because of Defendants' deductions practices under FMWA—whether the claim results from deductions of wages and/or tips—is not required to be set out in separate courts and in no way requires dismissal of the action.

In support of their argument, Defendants cite *Cesnik v. Edgewood Baptist Church*, 88 F.3d 905 (11th Cir. 1996). (Motion to Dismiss at 10). However, in *Cesnik*, the Court faced a very different type of complaint than the one challenged here. For example, in *Cesnik*, plaintiff's count one plead at least nine discrete theories of recovery, including, but is not limited to, the common law torts of negligent breach of duty; negligent hiring, training, supervision, discipline and retention of personnel; negligence per se; breach of fiduciary relationship; misrepresentation;

fraud in the inducement and the act; undue influence; duress; and intentional infliction of emotional distress. *Cesnik*, 88 F.3d. at 905. Further, count three in *Cesnik* alleged five discrete causes of action, including three federal claims and two state claims. *Id*. at 906. The Court found the complaint in that case a "complete disregard of the principle that separate discrete causes of action should be plead in separate counts," and dismissed the offending counts (not all of them). *Id*. at 905. Here, Plaintiffs separately plead Count I to bring state law FMWA claims for Defendants' practice of deducting wages and/or tips from tipped employees for payment of its Employee Discount Program and a separate count for the discrete federal cause of action for FLSA minimum wage claims for Defendants' practice of retaining or collecting tips from tipped employees for payment of its Employee Discount Program. There is nothing problematic or violative of Rule 10(b) with the form in which the Counts in the First Amended Complaint are plead.

      **C.    Allegations In Plaintiffs' First Amended Complaint Are Properly Asserted Against Both Defendants, Landry's Inc. and CHLN, Inc.**

Defendants also argue that the First Amended Complaint improperly comingles Defendants Landry's, Inc. and CHLN, Inc. by referring to them in allegations together as "Defendants." However, Plaintiffs purposefully make their allegations and claims against joint employers Landry's, Inc. and CHLN, Inc. in their First Amended Complaint. *See* FAC, ¶¶ 25-27. Landry's Inc. and CHLN, Inc. share corporate headquarters, located at 1510 West Loop South, Houston, Texas 77027, and officers, including President Tilman Fertitta and Secretary Steven Scheinthal. *See* Florida Department of State Division Of Corporations, www.sunbiz.org (accessed Jan. 19, 2016) copy attached as Exhibit B. Defendants produced a single Rule 30(b)(6) witness to testified on matters related to both Landry, Inc. and CHLN, Inc.'s on numerous topics including topics related to "[t]he formation, purpose, organization, management

structure and/or operations of Defendants and Defendants' restaurants in Florida . . . ." *See* Deposition Excerpts of Laura Jasso ("Jasso Depo.") attached as Exhibit C at 15:14-16:9; Exh. 1 (Third Amended Deposition Notice). Defendants' corporate witness testified that Chart House restaurants are operated by CHLN, Inc., but are subject to Landry's, Inc.'s employment policies, and that Landry, Inc. administers payroll for CHLN, Inc. *Id.* at 12:12-14:13.

There is no clarity to obtain by separately alleging the allegations in this complaint against these two Defendants. *See e.g. Maple v. Cricket Wireless, Inc.*, Case No. 5:14-cv-583-Oc-40PRL, 2015 U.S. Dist. LEXIS 16620, *3-4 (M.D. Fla. Feb. 11, 2015) (rejecting defendants' request for a more definite statement "because Plaintiff failed to distinguish between each of the defendants in the factual allegations of his Complaint . . . [finding] such a distinction in the pleadings is not necessary when the Plaintiff is actually referring to the conduct of all Defendants collectively"). Instead, the complaint would become unnecessarily lengthy and complex to name each Defendant each time an allegation against that Defendant was made when the allegation applies equally to both Defendants. *See Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997) ("when multiple defendants are named in a complaint, the allegations can and usually are to be read in such a way that each defendant is having the allegation made about [it])." Plaintiffs have alleged that both Defendants are employers of Plaintiffs under the FMWA and/or FLSA. *See* FAC, ¶¶ 25-27. The Defendants, together, are accused of violations of the FMWA and FLSA based on the same practices related to their role in the Employee Discount Program. Defendants cannot reasonably be believed to not understand the specific allegations against them because the allegations are not made to each one in separate numbered paragraphs.

For all the reasons discussed above, the Court should reject Defendants' groundless attempt to have this case dismissed under Rule 12(b)(6) on the basis that the First Amended Complaint is a shotgun pleading.

### III. NO AMENDED FLORIDA STATUTE § 448.110(6) NOTICE IS REQUIRED FOR LEVI

Though some courts have held that the notice requirement in Florida Statutes, Section 448.110(6) is unconstitutional, *see, e.g.*, *Throw v. Republic Enter. Sys. Inc.*, Case No. 8:06-cv-724, 2006 U.S. Dist. LEXIS 46215 (M.D. Fla. June 30, 2006), Plaintiffs nonetheless took steps to comply with the statute's dictates. On December 2, 2014, more than 15 days before filing suit, Named Plaintiffs Griffith, Blocher, and Rodriguez served on Defendants their letter of intent to file a lawsuit for violations of the FMWA on behalf of themselves and other similarly situated tipped employees. Attached to their Original Complaint as an exhibit was the Florida Statutes, Section 448.110(6) Notice Letter ("Notice Letter") evidencing to the Court satisfaction of this requirement prior to filing suit. (Doc. 1-1). The three Named Plaintiffs in the Original Complaint worked for Defendants at their Chart House and Landry's Seafood House restaurants in Florida during the FMWA liability period, and one or more of them will seek to be class representatives for the FMWA Class when Plaintiffs' Motion for Class Certification is filed on or before May 23, 2016. There are three individuals to serve as Named Plaintiffs and class representatives of the FMWA class. Plaintiffs do not intend for Levi to serve in the role of a class representative. He will serve as the Named Plaintiff for the FLSA collective action, which does not require notice under Florida Statutes 448.110. The Notice Letter sufficiently covers Levi's claims as a putative class member because it informed Defendants of Plaintiffs' intent to initiate this case on behalf of all similarly situated tipped employees, which perforce, includes Levi.

Furthermore, it is not required that every class member who seeks to bring claims through a filed class action asserting FMWA claims go back to the early steps taken before the case was filed and re-serve a notice of intent to file. This would make class actions unmanageable and contrary to the constitutional provisions of Article X, Section 24 which expressly envisions plaintiffs proceeding as a class to recover their unpaid minimum wages. *See* Art. X, § 24(e). The Original Complaint preserved through the class action mechanisms of Rule 23, Levi's FMWA claims since before December 29, 2014. Levi was added to the First Amended Complaint by Order of the Court on December 9, 2015 to bring the FLSA collective action claim. While Levi too has claims under the FMWA, he did not initiate the FMWA allegations in this suit.

Defendants hang their hat on the "letter and intent" of the notice requirement which is to "allow for resolution of claims prior to filing suit." (*See* Doc. 79 at 14). However, Defendants never responded to Plaintiffs' December 2, 2014 notice letter and have not proposed to engage in settlement discussions in this case.[3] Defendants have been informed of how Plaintiffs would calculate their damages through Plaintiffs' Initial Disclosures and are in possession of Levi's payroll records including his hourly wages, deductions made against his pay for the Employee Discount Program, and payroll deficiencies that required he pay into the program in tips. On January 20, 2016, Defendants will take Levi's deposition and can ask him additional details about his claims and damages at that time. Plaintiffs have satisfied the spirit and intent of the notice requirement and nothing more in terms of Levi's claims or damages could have been presented through an individual, post-complaint filing, notice.

Finally, Defendants' Motion requesting dismissal of Levi's FMWA claims *with prejudice* should be rejected. There is no support for Defendants request to dismiss Levi's FMWA claims

---

[3] The Parties are attending a Court-ordered mediation on March 2, 2016.

*with prejudice*. The filing of the Original Complaint preserved his FMWA claims as a class member. If Levi had not stood up to bring the FLSA claims for himself and his fellow workers, his class claims would be safe and sound. However, because he seeks to help others by bringing the FLSA claim, Defendants argue that his FMWA claims should be dismissed now *with prejudice* for not submitting an individual Section 448.110(6) notice, when a class notice was served on his behalf over a year ago. Defendants' arguments are contrary to the remedial provisions and goals of both the FMWA and the FLSA. The first sentence of the FMWA provides "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship." Art. X, Section 24(a). If the Court finds a procedural deficiency with Levi's FWMA claims, he should be given an opportunity to perfect the claims and amend.

## IV.  CONCLUSION

Plaintiffs respectfully request that Defendants' Motion to Dismiss the First Amended Complaint be denied. First, Plaintiffs have stated a plausible claim for relief, and Defendants' claims that they do not understand the claims asserted against them are not credible. Second, dismissing Levi's claim with prejudice for not re-initiating the notice process already complied with in this case is not warranted and will advance nothing. Notwithstanding, if the Court finds any need for clarification of any of the allegations in the First Amended Complaint, Plaintiffs request the opportunity to amend to provide a more definite statement as to those allegations. In addition, if the Court requires Levi to provide an individual notice pursuant to Florida Statutes,

Section 448.110(6), Plaintiffs request the opportunity for him to do so and to amend the pleading to perfect that claim if required.

Dated: January 19, 2016

Respectfully submitted,

*/s/* Sam J. Smith
Sam J. Smith
Florida Bar No. 818593
Loren B. Donnell
Florida Bar No. 0013429
Tamra Givens
Florida Bar No. 657638
BURR & SMITH, LLP
111 2nd Avenue N.E., Suite 1100
St. Petersburg, FL 33701
(813) 253-2010
ssmith@burrandsmithlaw.com
ldonnell@burrandsmith.com
tgivens@burrandsmithlaw.com

Hillary Schwab, admitted *pro hac vice*
Mass. BBO# 666029
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3261
hillary@fairworklaw.com

Counsel for the Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify on January 19, 2016, I electronically filed the foregoing Response In Opposition to Defendants' Motion To Dismiss Plaintiffs' First Amended Class and Collective Action Complaint and Brief In Support [Doc. 79] using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Sam J. Smith*
Sam J. Smith