UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY GRIFFITH, JONATHAN
BLOCHER, ANNETTE RODRIGUEZ and
JOSEPH LEVI,

      Plaintiffs,

v.                              Case No: 8:14-cv-3213-T-35JSS

LANDRY'S, INC. and CHLN, INC.,

      Defendants.
_____/

## ORDER ON MOTIONS TO COMPEL

THIS MATTER is before the Court on Plaintiffs' Motion to Compel Production of Payroll Data to Calculate Damages and Defendants' Motion to Compel Responses to Defendants' First Set of Interrogatories as to Plaintiff Joseph Levi. (Dkts. 102, 103.) The Court held a hearing on both motions on May 19, 2016. For the reasons stated at the hearing, and recited herein, the motions are granted in part and denied in part.

Plaintiffs move to compel the production of payroll data in an electronic, manipulatable spreadsheet that includes the job positions and hourly wages of each putative class member on a daily or weekly basis. (Dkt. 102.) In response, Defendants contend that Plaintiffs seek documents that were neither requested during the course of discovery nor kept in Defendants' normal course of business. (Dkt. 111.)

In producing documents or electronically stored information, a party must produce documents as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(2)(E)(i). If a request does not specify a form for producing electronically stored information, a party must produce the information in the form in which it is ordinarily maintained or in a reasonably usable

form.  Fed. R. Civ. P. 34(b)(2)(E)(ii).  However, a party need not produce the same electronically stored information in more than one form.  Fed. R. Civ. P. 34(b)(2)(E)(iii).  As Defendants have already produced the relevant information as requested by Plaintiffs (hourly wage rates for the named plaintiffs), the Court finds that Defendants have complied with their discovery obligations as to this request.  Further, Defendants have agreed to supplement their production within thirty-five days to include paid-in report documents as requested by Plaintiffs.  However, Defendants have not produced documents relating to the job positions held by each putative class member on a weekly basis, as requested in Plaintiffs' Interrogatory Number 2.  Therefore, Defendants must supplement their response to indicate whether such information is available and, if so, must produce the documents responsive to this request.

Defendants move to compel Plaintiff Joseph Levi to respond to Interrogatory Number 14,[1] included in Defendants' First Set of Interrogatories to Plaintiff Joseph Levi.  (Dkt. 103.) Interrogatory Number 14 seeks information regarding Mr. Levi's other sources of income from December 2009 to present.  In response, Plaintiffs contend that the request seeks information outside the time during which Mr. Levi was employed by Defendants and outside the time for which Mr. Levi is seeking damages.  Plaintiffs further contend that Mr. Levi testified during his deposition that he did not have any other sources of income while he was employed by Defendants. (Dkt. 109.)

Because Mr. Levi is not seeking damages for years before 2011 or years after 2015, the Court finds that Defendants' request is overly broad.  However, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ.

---

[1] Defendants' Motion to Compel sought to compel responses to Interrogatory Number 13 and Interrogatory Number 14 in Defendants' First Set of Interrogatories to Plaintiff Joseph Levi. (Dkt. 103.)  However, at the hearing, Defendants withdrew their motion as to Interrogatory Number 13.  Therefore, Defendants' Motion to Compel as to Interrogatory Number 13 is denied as moot.

P. 33(b)(3).  Therefore, to the extent that Mr. Levi is able to answer the interrogatory, he must do so.  As such, Mr. Levi must supplement his answer to Interrogatory Number 14 to confirm whether he received other sources of income from 2011 to 2015.  Accordingly, it is

**ORDERED**:

1.  Plaintiffs' Motion to Compel Production of Payroll Data to Calculate Damages (Dkt. 102) is **GRANTED** in part and **DENIED** in part.  Plaintiffs' Motion to Compel is denied as to the request for individual payroll summaries and is granted as to the request for documents relating to the job positions of each putative class member.

2.  Within twenty (20) days of this Order, Defendants must supplement their response to Interrogatory Number 2 to indicate whether information regarding the job positions of each putative class member on a daily or weekly basis is available.  If such information is available, then Defendants must supplement their production to provide the responsive documents.  Further, as agreed, Defendants must supplement their production within thirty-five (35) days to include paid-in report documents and documents providing the wage rate data, including specifically payroll register documents, as requested by Plaintiffs.

3.  Defendants' Motion to Compel Responses to Defendants' First Set of Interrogatories as to Plaintiff Joseph Levi (Dkt. 103) is **GRANTED** in part and **DENIED** in part.  As Defendants' motion as to Interrogatory Number 13 was withdrawn at the hearing, the motion as to this request is denied as moot.  Defendants' motion as to Interrogatory Number 14 is granted to the extent that Plaintiff Joseph Levi must supplement his response to confirm whether he received other sources

of income from 2011 to 2015.

**DONE** and **ORDERED** in Tampa, Florida on May 23, 2016.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record